O

# United States District Court
# Central District of California

| | |
|---|---|
| ANGELA DE LEON, on behalf of herself and all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>STANDARD INSURANCE COMPANY; STANCORP FINANCIAL GROUP, INC.,<br><br>　　　　　　　　Defendants. | Case № 2:15-cv-07419-ODW(JC)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DENY CLASS CERTIFICATION OR STRIKE CLASS ALLEGATIONS [19]** |

## I.   INTRODUCTION

Plaintiff Angela De Leon brings this putative class action lawsuit against Standard Insurance Company ("Standard") and StanCorp Financial Group, Inc. ("StanCorp") under the Employee Retirement Income Security Act of 1974 ("ERISA") for the wrongful denial of disability benefits.  Standard moves to deny class certification or, in the alternative, to strike the class allegations in the Complaint.  For the reasons discussed below, the Court **DENIES** the Motion without prejudice.[1]  (ECF No. 19.)

---

[1] After considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

## II. FACTUAL BACKGROUND

Plaintiff participated in a long-term disability insurance plan ("LTD Plan") that Standard insured and administered.[2] (Compl. ¶¶ 5, 7, 11, 13–15, 48.) Plaintiff paid 72% of the LTD Plan premium, while her employer contributed the remaining 28%. (*Id.* ¶ 11.) After suffering an on-the-job injury, Plaintiff received both temporary workers' compensation benefits and LTD Plan benefits from September 24, 2012, until March 20, 2014. (*Id.* ¶¶ 11, 49.) However, Standard allegedly deducted from her LTD Plan benefits the full amount of worker's compensation benefits she received. (*Id.*) Plaintiff alleges that California Labor Code section 3751 prohibits employers "from extracting, directly or indirectly, any payment from the employee for workers' compensation insurance and thus prohibits a disability benefits plan from taking credit for workers' compensation benefits paid to the employee in a proportion greater than the employer's contribution to the plan." (*Id.* ¶ 12.) Thus, Plaintiff contends that Standard was not permitted to reduce her LTD Plan benefits by more than 28% of the worker's compensation benefits she received. (*Id.* ¶ 11–12.)

Plaintiff alleges that other disability plans insured and administered by Standard also violate section 3751 in this same manner. (*Id.* ¶ 10.) Plaintiff defines the putative class as "persons who satisfy each of the following criteria:

> A. They were or are beneficiaries under ERISA-governed employee welfare benefit plans that were insured by disability insurance policies issued by Standard; and,
> B. They pay or paid the premium for all or a portion of the disability insurance they obtained through such policies from Standard; and,
> C. They were or are employed in California; and,
> D. They suffered or will suffer an on-the-job injury and were or will be paid California workers' compensation disability benefits; and,
> E. They were or are eligible for and received or will receive disability benefits from Standard under an ERISA—general disability plan; and,
> F. In calculating and paying their ERISA disability benefits, Standard did

---

[2] Plaintiff also participated in a short-term disability insurance plan and a life insurance plan, though her class claims appear limited to the LTD Plan. (Compl. ¶ 5.)

or will deduct or offset the full amount of the California workers' compensation benefits they received for the months they received both California workers' compensation benefits and Standard-insured, ERISA-governed benefits; and,

G. Has not released his or her claims for ERISA-governed, Standard-insured disability benefits; and,

H. Has not adjudicated to a final judgment his or her claims, for ERISA-governed, Standard-insured disability benefits.

(*Id.* ¶ 31.)

On September 22, 2015, Plaintiff filed her Complaint, which asserts three causes of action: (1) violation of 29 U.S.C. § 1132(a)(1) and (a)(3) against Standard and StanCorp; (2) declaratory relief for long term disability benefits against Standard only; and (3) declaratory relief for waiver of premium benefits against Standard only. (ECF No. 1.) Only the first cause of action is asserted on behalf of the putative class. (*Id.*) On October 30, 2015, Standard moved to deny class certification or, in the alternative, to strike the class allegations.[3] (ECF No. 19.) Plaintiff timely opposed, and Standard timely replied. (ECF Nos. 26, 27.) This Motion is now before the Court for consideration.

## III.  LEGAL STANDARD

A defendant may preemptively move to deny class certification before the plaintiff affirmatively seeks certification. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 941 (9th Cir. 2009). Similarly, district courts have entertained motions to strike class allegations "[w]here the complaint demonstrates that a class action cannot be maintained on the facts alleged." *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009); Fed. R. Civ. P. 12(f).

Class certification is appropriate only if "each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b)" are met. *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001). Under Rule 23(a), the

---

[3] StanCorp moved concurrently to dismiss the Complaint for lack of personal jurisdiction and for failure to state a claim, which the Court has granted. (ECF No. 45.)

plaintiff must show that: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). These requirements are colloquially referred to as numerosity, commonality, typicality, and adequacy. *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 588 (9th Cir. 2012).

Next, the proposed class must meet the requirements of at least one of the three types of class actions listed in Rule 23(b). *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2548 (2011). "Rule 23(b)(1) covers cases in which separate actions by or against individual class members would risk establishing 'incompatible standards of conduct for the party opposing the class,' or would 'as a practical matter be dispositive of the interests' of nonparty class members 'or substantially impair or impede their ability to protect their interests.'" *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997) (quoting Fed. R. Civ. P. 23(b)(1)). "Rule 23(b)(2) permits class actions for declaratory or injunctive relief where 'the party opposing the class has acted or refused to act on grounds generally applicable to the class.'" *Id.* (quoting Fed. R. Civ. P. 23(b)(2)). Finally, a class action may be otherwise maintained under Rule 23(b)(3) as long as (1) "questions of law or fact common to class members predominate over any questions affecting only individual members," and (2) a class action is "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

## IV. DISCUSSION

Standard contends that the class allegations have no merit and are simply an attempt to gain leverage over Plaintiff's individual claims, and attacks the viability of class certification on virtually all grounds. (Mot. 8–23.) Plaintiff responds that Standard's motion is premature, and that none of Standard's arguments can be fairly adjudicated without the benefit of discovery. (Opp'n 11–19.) The Court agrees with

1 Plaintiff that the Motion is premature.

2 While there is no *per se* rule against a defendant preemptively moving to deny class certification, *Vinole*, 571 F.3d at 941, the appropriate timing of such a motion is a different question. Unlike the defendant in *Vinole*, who moved to deny class certification almost a year after the complaint was filed and only a month before the close of discovery, *id.* at 938–39, Standard filed this motion as its initial response to the Complaint. The Ninth Circuit has not addressed the propriety of denying class certification or striking class allegations at such an early stage, and the weight of authority in the district courts is that such a motion should "rarely" be granted before discovery commences. *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007); *see also, e.g.*, *Baas v. Dollar Tree Stores, Inc.*, No. C 07-03108 JSW, 2007 WL 2462150, at *3 (N.D. Cal. Aug. 29, 2007); *Velasquez v. HSBC Fin. Corp.*, No. 08-4592 SC, 2009 WL 112919, at *4 (N.D. Cal. Jan. 16, 2009); *Thorpe v. Abbott Labs., Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008); *In re Apple, AT & T iPad Unlimited Data Plan Litig.*, No. C-10-02553 RMW, 2012 WL 2428248, at *2 (N.D. Cal. June 26, 2012); *Won Kyung Hwang v. Ohso Clean, Inc.*, No. C-12-06355 JCS, 2013 WL 1632697, at *21 (N.D. Cal. Apr. 16, 2013). This is because "the shape and form of a class action evolves only through the process of discovery." *In re Wal-Mart Stores, Inc.*, 505 F. Supp. 2d at 615 (quoting *Myers v. MedQuist, Inc.*, No. CIV 05-4608 JBS, 2006 WL 3751210, at *4 (D.N.J. Dec. 20, 2006)). However, sometimes "the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim," *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982), in which case denying certification or striking class allegations based on the pleadings alone may be appropriate. *Sanders*, 672 F. Supp. 2d at 990–91; *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1152 (N.D. Cal. 2010).

Here, the pleadings alone do not show that class certification would never be appropriate. "Class relief is peculiarly appropriate when the issues involved are

common to the class as a whole and when they turn on questions of law applicable in the same manner to each member of the class." *Falcon*, 457 U.S. at 155 (internal quotation marks omitted). In this situation, "the class-action device saves the resources of both the courts and the parties by permitting an issue potentially affecting every class member to be litigated in an economical fashion under Rule 23." *Id.* (internal quotation marks and brackets omitted). Here, the thrust of Plaintiff's class claim is that Standard impermissibly deducted worker's compensation benefits from the disability benefits that were paid to the class. (Compl. ¶¶ 11–12.) According the Complaint, the LTD Plan policy itself explicitly permitted, and perhaps even required, such deductions. (*Id.* ¶ 10; Johnson Decl., Ex. A at 24.) These unlawful provisions are allegedly present in other disability plans that are administered by Standard. (*Id.* ¶ 10.) Thus, the question whether section 3751 prohibits such deductions is a question common to every member of the class. Although damages would be individualized, they could easily be calculated using a formula. The claim is thus potentially appropriate for class treatment.

As discussed more fully below, Standard's challenges to the viability of such a class are merely a smokescreen of hypothetical problems. Standard does not show that a class is inherently incapable of being certified; rather, they simply highlight the potential hurdles that Plaintiff may face in moving for class certification. This is insufficient to deny certification or strike the class allegations at this stage.

**A.    Ascertaining the Class**

Standard argues that the class is not ascertainable because the Court will need to conduct numerous individualized and fact-intensive inquiries for every class member just to determine whether or not they are part of the class.[4] (Mot. 12–15.) Those

---

[4] Standard incorrectly characterizes the problem as Plaintiff creating a "fail safe" class definition—i.e., where "a court must make a determination of the merits of the individual claims to determine whether a person is a member of the class." *Hanni v. Am. Airlines, Inc.*, No. C 08-00732 CW, 2010 WL 289297, at *9 (N.D. Cal. Jan. 15, 2010). The "legal determinations" that Standard argues is built into the class definition do not concern the merits of Labor Code section 3751, and thus the class definition is not a "fail safe."

issues potentially include: whether the every class members' insurance plan is even governed by ERISA; whether the class member previously released his or her claims for disability benefits; whether the class member has exhausted his or her administrative remedies; the class duration, whether the class member was eligible for and received worker's compensation benefits and ERISA disability benefits; and whether the class member was employed in California. (*Id.*)

"As a threshold matter, and apart from the explicit requirements of Rule 23(a), the party seeking class certification must demonstrate that an identifiable and ascertainable class exists. A class definition should be precise, objective, and presently ascertainable. The class definition must be sufficiently definite such that its members can be ascertained by reference to objective criteria. A class will be found to exist if the description of the class is definite enough so that it is administratively feasible for the court to ascertain whether an individual is a member." *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 308 F.R.D. 606, 613–14 (N.D. Cal. 2015) (internal quotation marks, brackets, and citations omitted).

None of the potential issues Standard raises warrants denial of certification at this stage. First, although the question whether an insurance plan is governed by ERISA is one of fact, *Kanne v. Conn. Gen. Life Ins. Co.*, 867 F.2d 489, 492 (9th Cir. 1988), Standard does not show that there is (or will be) any *actual* and substantial dispute as to whether their policies are governed by ERISA; Standard just points to the mere *possibility* of this being a problem when certifying a class. Possibilities alone are not sufficient to preemptively deny class certification or strike the class allegations. *See, e.g.*, *In re Apple*, 2012 WL 2428248, at *9. The same logic applies to whether or not a class member has released their claims for disability benefits.

Second, exhaustion of administrative remedies under ERISA does not necessarily preclude a class action. While an ERISA claimant must generally exhaust the plan's internal grievance procedure before bringing suit, this is a judicially-crafted rule and not a statutory requirement. *Diaz v. United Agr. Emp. Welfare Ben. Plan &*

*Trust*, 50 F.3d 1478, 1483 (9th Cir. 1995). There are numerous exceptions to the requirement, and it is within the district court's discretion to excuse a claimant from the exhaustion requirement. *Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 626 (9th Cir. 2008). Indeed, the Seventh Circuit has held that unnamed class members in an ERISA class action need not exhaust their administrative remedies, reasoning that the named plaintiff's claim puts the defendant on notice of the absent class members' claims and thus fulfills the function of the internal grievance procedure. *In re Household Int'l Tax Reduction Plan*, 441 F.3d 500, 502 (7th Cir. 2006). Other district courts have similarly held that exhaustion issues do not preclude class certification in ERISA actions. *E.g.*, *Medearis v. Or. Teamster Emp'rs Trust*, No. CV. 07-723 PK, 2008 WL 4534108, at *7 (D. Or. Oct. 1, 2008) (following the Seventh Circuit); *Bryant v. Ariz. Pipe Trades Pension Trust Fund*, No. CV-13-01563-PHX-GMS, 2015 WL 300385, at *7 (D. Ariz. Jan. 22, 2015) (exhaustion did not defeat typicality because exhaustion issue would be the same for both the named plaintiff and absent class members). Standard fails to meaningfully address any of these cases or exhaustion exceptions, and thus fails to show how exhaustion necessarily precludes class certification at this early stage of the case.

Third, with respect to class duration, the fact that there is both a contractual and statutory limitations period on ERISA claims would appear to *favor*, not detract from, ascertainability. Standard again hypothesizes problems with ascertainability in the event Plaintiff invokes the discovery rule with respect to class members outside of these limitation periods, but there is no indication at this point that Plaintiff intends to do so.

Finally, whether or not the class members are eligible for ERISA disability benefits and worker's compensation benefits, and whether they are California residents, are all non-issues. As Plaintiff points out, the putative class members have *already received* California worker's compensation benefits and disability benefits, which would appear to preclude any reasonable argument that they were never eligible

for those benefits in the first place or that they were not California residents. (Opp'n 14.)

It also bears noting that Plaintiff is not limited to the currently-proposed class definition. Plaintiff may move to amend her complaint prior to moving for class certification, Fed. R. Civ. P. 15(a)(2), or may move to certify a class that is narrower than the class proposed in the Complaint, *Abdeljalil v. Gen. Elec. Capital Corp.*, 306 F.R.D. 303, 306 (S.D. Cal. 2015); *Knutson v. Schwan's Home Serv., Inc.*, No. 3:12-CV-0964-GPC-DHB, 2013 WL 4774763, at *5 (S.D. Cal. Sept. 5, 2013).

**B.     Rule 23(a) Requirements**

Standard's challenges to Rule 23(a)'s numerosity, typicality, and adequacy requirements fair no better. (Mot. 15–18.) Standard first argues Plaintiff cannot establish numerosity because she has not alleged exactly how many class members there are, but Plaintiff will obviously not know this information before it conducts discovery. Standard then argues that Plaintiff's claims are not typical of the class because Plaintiff received only temporary worker's compensation benefits and not permanent worker's compensation benefits. Yet this would seem to make her claims *more* typical of the class, not less, because—according to Standard—permanent worker's compensation benefits are not deducted from disability benefits. (Mot. 2.) If a beneficiary's disability benefits were never offset by the worker's compensation benefits they received, he or she obviously could not be a member of the class.[5]

Standard also contends that adequacy is not met because (1) Plaintiff is more interested in prosecuting her individual claims than the class claims, and (2) Plaintiff will be subject to individual defenses such as her failure to timely appeal the allegedly improper deduction. As to the first reason, the Court declines to join Standard in

---

[5] Both Plaintiff and Standard argue extensively the merits of whether the benefit deductions were actually improper under Labor Code section 3751. (Opp'n 1–11; Reply 1–4.) As the Supreme Court has noted, "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage." *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1194–95 (2013). The Court therefore does not address these arguments.

speculating on Plaintiff's motivation based solely on a comparison between the number of paragraphs in her administrative appeal and Complaint that are dedicated to the class issue versus her individual issues. Nor does the Court give any weight to Standard's bare assertion that Plaintiff's individual claims "will add up to a number far greater" than the class claims. (Mot. 18.) Indeed, Standard substantially undermines this argument when it later contends that the class mechanism is not superior to individual lawsuits because of *how much* the class claims are individually worth (which Standard estimates is $44,000). (Mot. 21.) This amount seems more than sufficient to incentivize Plaintiff to adequately litigate the class claim while also pursuing her other individual claims. As to the second reason, this is essentially an exhaustion argument that the Court previously noted does not necessarily preclude class certification. (*See supra* Part IV.A.)

### C. Rule 23(b) Requirements

#### 1. Predominance

Standard argues that common issues will not predominate because: (1) Plaintiff alleges that Standard has no uniform policy for determining whether or not to offset workers' compensation benefits; (2) even if there is a uniform policy, there will be "substantial manageability problems regarding common sources of proof of whether a policy was actually implemented"; and (3) administrative exhaustion will be an individual issue for every class member. (Mot. 18–21.) The Court disagrees.

First, Plaintiff does indeed allege a uniform policy of offsetting worker's compensation benefits from disability benefits, although admittedly this is in tension with other allegations that suggest that the offsets were due to discretionary decisions made by Standard's claims personnel. (*Compare* Compl. ¶ 10D, *with id.* ¶ 13.) However, this tension is not fatal to her class claims at this point. Read in the light most favorable to Plaintiff—as the Court is required to do on a pleading challenge—Plaintiff could be alleging, for example, that claims personnel were improperly trained in the *drafting* of the policies and not in making discretionary decisions under the

policies. That said, the Court expects Plaintiff to clarify this ambiguity when moving for class certification.

Second, the Court fails to see what proof is even required to show "whether a policy was actually implemented," let alone why such proof would create a "substantial manageability problem." If the policy provides for this allegedly improper deduction, and the improper deduction was actually made, it would seem beyond reasonable dispute that the "policy was actually implemented"—i.e., that the policy was the reason for the deduction. If it is Standard's contention that the policy and the deductions were just coincidental, it should provide some evidentiary basis for its argument rather than relying on conjecture.

Third, issues relating to exhaustion do not necessarily preclude class certification for the reasons described above. (*See supra* Part IV.A.)

### 2. Superiority

Standard argues that a class claim is not superior to individual claims for five reasons: (1) the class claims are worth a lot and thus should be litigated individually; (2) ERISA permits the recovery of attorney's fees in individual claims; (3) requiring the class members to individually exhaust their administrative remedies will promote judicial economy; (4) the class will be unmanageable; and (5) it will need to name in this lawsuit every employer as a "necessary party" under Rule 19 because the employers would be liable to Standard for contribution and indemnity. (Mot. 21–23.) The Court again disagrees.

First, as previously noted, damages here will be individualized based on the amount of worker's compensation benefits deducted from each class members' disability benefits. Standard's bare statement that Plaintiff's claim alone could amount to almost $44,000 says nothing of the average value of the *class members'* potential recovery, which is the relevant metric. *See Zinser v. Accufix Research Inst., Inc.,* 253 F.3d 1180, 1191 (9th Cir. 2011). Second, although the *lack* of an attorney's fees provision for individual actions would militate in favor of certifying a

11

1  class, the Court is not convinced that the *presence* of such a provision alone requires
2  the denial of certification. See *In re Toys R Us-Delaware, Inc.--Fair & Accurate*
3  *Credit Transactions Act (FACTA) Litig.*, 300 F.R.D. 347, 365 (C.D. Cal. 2013)
4  ("[T]he fact that attorneys' fees may be awarded does not demonstrate that class-wide
5  resolution is not the superior approach."). For example, judicial resources would still
6  be wasted by litigating common issues over and over in individual actions, even if the
7  attorneys involved get their payday. Third, as discussed, the purported issues
8  surrounding exhaustion may be non-issues given that ERISA does not require
9  exhaustion. (*See supra* Part IV.A.) Fourth, the purported problems with
10 manageability ultimately stem from the purported issues surrounding ascertainability,
11 which the Court has already declined to adjudicate at this time. (*Id.*)

12       Finally, the Court fails to see how the employers would be liable to Standard for
13 indemnity or contribution. A claim for indemnity or contribution is available only
14 where two persons are jointly liable for the underlying plaintiff's injury. *Nat'l Union*
15 *Fire Ins. Co. v. Showa Shipping Co.*, 47 F.3d 316, 323 (9th Cir. 1995). According to
16 the Complaint, Standard exercise "*sole* discretion to evaluate and decide claims for
17 benefits." (Compl. ¶ 15 (emphasis added).) If the employers did not exercise control
18 over benefit decisions, it is unclear how they are liable to plaintiff for the allegedly
19 improper deductions, and thus how they are liable to Standard for indemnity or
20 contribution. And at any rate, it is not even clear that joint tortfeasors subject to
21 claims for indemnity or contribution are either necessary or indispensable parties
22 under Rule 19. *See Hurley v. Horizon Project, Inc.*, No. CV-08-1365-ST, 2009 WL
23 5511205, at *6–10 (D. Or. Dec. 3, 2009), *report and recommendation adopted as*
24 *modified*, No. CV 08-1365-ST, 2010 WL 273806 (D. Or. Jan. 15, 2010).

## V. CONCLUSION

26       For the reasons discussed above, the Court **DENIES** Standard's Motion without
27 prejudice. (ECF No. 19.) Standard may reassert its arguments as appropriate in
28 opposition to Plaintiff's motion for class certification. Alternatively, Standard may

bring a further motion to deny class certification should Plaintiff fail to affirmatively move for class certification. *Vinole*, 571 F.3d at 941.

        Finally, the Court notes that Plaintiff included in the class definition those persons who have not suffered a work injury or received any benefits, but who may *in future* become injured or receive such benefits. The Court is skeptical of including such persons in the class as it is unclear how the Court could ascertain such persons or how Plaintiff's claim is typical of such persons. Standard did not object to this aspect of the class definition in the current motion, and the Court declines to rule on the issue *sua sponte*. However, the Court requests that the parties address the issue in their briefing on Plaintiff's eventual class certification motion.

**IT IS SO ORDERED.**

January 28, 2016

                                      _____
                                           **OTIS D. WRIGHT, II**
                                      **UNITED STATES DISTRICT JUDGE**