O

# United States District Court
# Central District of California

| | |
|---|---|
| ANGELA DE LEON, on behalf of herself and all others similarly situated,<br><br>                Plaintiff,<br><br>     v.<br><br>STANDARD INSURANCE COMPANY; STANCORP FINANCIAL GROUP, INC.,<br><br>                Defendants. | Case № 2:15-cv-07419-ODW(JC)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [21]** |

## I.   INTRODUCTION

Plaintiff Angela De Leon brings this putative class action lawsuit against Standard Insurance Company ("Standard") and StanCorp Financial Group, Inc. ("StanCorp") under the Employee Retirement Income Security Act of 1974 ("ERISA") for the wrongful denial of disability benefits.  StanCorp moves to dismiss the Complaint for lack of personal jurisdiction and for failure to state a claim.  For the reasons discussed below, the Court **GRANTS** the Motion.[1]  (ECF No. 21.)

## II.   FACTUAL BACKGROUND

Plaintiff Angela De Leon participated in a long-term disability insurance plan

---

[1] After considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

("LTD Plan") that was insured and administered by Standard.[2]  (Compl. ¶¶ 5, 7, 11, 13–15, 48.)  After suffering an on-the-job injury, Plaintiff received both temporary workers' compensation benefits and LTD Plan benefits from September 24, 2012until March 20, 2014.  (*Id.* ¶¶ 11, 49.)  Plaintiff alleges, among other things, that Standard violated California Labor Code section 3751 by deducting the full amount of her workers' compensation benefits from her LTD Plan benefits.  (*Id.* ¶¶ 11–12.)

StanCorp "is Standard's parent company [and] owns all shares of Standard's common stock authorized."  (*Id.* ¶ 8.)  Plaintiff concedes that StanCorp is not a plan fiduciary and that Standard "exercised *sole* discretion to evaluate and decide claims for benefits."  (*Id.* ¶ 15 (emphasis added); Opp'n 22.)  However, because StanCorp allegedly "received hundreds of millions or billions of dollars of distributions from Standard . . . and thus directly profited from Standard's failure to pay the correct amount of benefits owed," Plaintiff wants to disgorge StanCorp of these ill-gotten gains.  (Compl. ¶¶ 17, 24.)

On September 22, 2015, Plaintiff filed her Complaint, which asserts three causes of action: (1) violation of 29 U.S.C. § 1132(a)(1) and (a)(3) against Standard and StanCorp; (2) declaratory relief for long term disability benefits against Standard only; and (3) declaratory relief for waiver of premium benefits against Standard only.  (ECF No. 1.)  Only the first cause of action is asserted on behalf of the putative class.  (*Id.*)  On October 30, 2015, StanCorp moved to dismiss the Complaint for lack of personal jurisdiction, Fed. R. Civ. P. 12(b)(2), and for failure to state a claim, Fed. R. Civ. P. 12(b)(6).  (ECF No. 21.)  Plaintiff timely opposed, and StanCorp timely replied.  (ECF Nos. 26, 27.)  The parties also submitted supplemental briefing on the effect of ERISA's nationwide service of process provision on the Court's jurisdiction over StanCorp.  (ECF Nos. 40, 43.)  The Motion is now before the Court for consideration.

---

[2]  Plaintiff also participated in a short-term disability insurance plan and a life insurance plan, though her class claims appear limited to the LTD Plan.  (Compl. ¶ 5.)

## III. DISCUSSION

### A. Personal Jurisdiction

StanCorp argues that Plaintiff cannot use ERISA's nationwide service of process provision as a basis for personal jurisdiction because Plaintiff does not allege a plausible ERISA claim. (Def. Supp. Br. 2–6.)  The Court agrees that Plaintiff does not allege a cognizable ERISA claim against StanCorp, although the Court finds it unnecessary to decide the murkier issue whether the dismissal is more properly one under Rule 12(b)(2) or Rule 12(b)(6).[3]

"A federal court obtains personal jurisdiction over a defendant if it is able to serve process on him." *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1177 (9th Cir. 2004) (internal quotation marks omitted).  Typically, service must be effected within the forum state to automatically confer personal jurisdiction.  *See* Cal. Code Civ. Proc. § 413.10(a); *Burnham v. Super. Ct. of Cal.*, 495 U.S. 604, 615 (1990) (Scalia, J., plurality).  However, where a federal statute provides for nationwide service of process, service on a defendant anywhere in the United States establishes personal jurisdiction as long as the defendant also has minimum contacts with the United States.  *S.E.C. v. Ross*, 504 F.3d 1130, 1140 (9th Cir. 2007); *see also* Fed. R. Civ. P. 4(k)(1)(C) ("Serving a summons . . . establishes personal jurisdiction over a defendant when authorized by a federal statute.").  ERISA allows for such service.  29 U.S.C. § 1132(e)(2) ("Where an action under this subchapter is brought in a district court of the United States . . . process may be served in any other district where a defendant resides or may be found."); *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).  Here, it is undisputed that StanCorp was served with process within the United States and has minimum contacts with the United States.

StanCorp nevertheless argues that Plaintiff cannot avail herself of ERISA's far-

---

[3] For the same reason, the Court finds it unnecessary to address StanCorp's argument that it lacks minimum contacts with California under the traditional minimum contacts test.  *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

reaching service of process statute because she does not allege a cognizable claim under ERISA. The Ninth Circuit has not decided whether (and to what extent) a court can consider the merits of an ERISA claim to decide whether its service of process statute applies. Moreover, there is a split among the circuit courts and district courts on the issue. *Compare, e.g.*, *NGS Am., Inc. v. Jefferson*, 218 F.3d 519, 530 (6th Cir. 2000) (no personal jurisdiction because plaintiff did not state a claim arising under ERISA), *Denny's, Inc. v. Cake*, 364 F.3d 521, 524 (4th Cir. 2004) (same), *Verizon Emp. Benefits Comm. v. Adams*, No. CIV.A.3:05-CV-1793-M, 2006 WL 66711, at *4 (N.D. Tex. Jan. 11, 2006) (same), *Pikas v. Williams Cos., Inc.*, 542 F. Supp. 2d 782, 784 (S.D. Ohio 2008) (following *Adams*), *Gagnon v. Emerson Elec. Benefit Health Plan & Trust Fund*, No. 2:01-CV-14, 2001 WL 34399192, at *2 (W.D. Mich. Aug. 13, 2001) ("Application of § 1132(e)(2)'s nationwide service of process provision only applies if the action is truly brought under ERISA."), *and Team Healthcare/Diagnostic Corp. v. Aetna Life Ins. Co.*, No. CIV.A.3:07-CV-0214-O, 2008 WL 483366, at *2 (N.D. Tex. Feb. 22, 2008), *with Bd. of Trustees, Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1035 (7th Cir. 2000) ("Whether the defendant is liable under ERISA is the subject to be litigated following service; it is not a condition precedent to personal jurisdiction."), *and Flynn v. Ohio Bldg. Restoration, Inc.*, 260 F. Supp. 2d 156, 172 (D.D.C. 2003) (following *Elite Erectors*).

The posture of this case makes it unnecessary for the Court to wade in on the dispute. The Court will need to reach the merits of the ERISA claim either as part of the jurisdictional analysis or to evaluate StanCorp's separate challenge to the sufficiency of the Complaint. And because the ERISA claim is the only claim brought against StanCorp, the Court will ultimately retain or dispose of the case based on the merits. If Plaintiff fails to state a cognizable ERISA claim against StanCorp, there is no need to decide whether the ensuing dismissal is more appropriately one under Rule

12(b)(2) or Rule 12(b)(6).[4]  *Cf. Flynn v. R.D. Masonry, Inc.*, 736 F. Supp. 2d 54, 60–61 (D.D.C. 2010) ("The court need not now wade into the debate over whether some minimal showing of a viable [ERISA] claim is necessary prior to exercising personal jurisdiction because, as discussed below, the complaint adequately states a claim against the RDM defendants under Rule 12(b)(6)."). The Court will therefore turn to the merits of the claim.

**B.  Failure to State a Claim**

Plaintiff's ERISA claim is brought under both § 1132(a)(1)(B) and (a)(3). (Compl. ¶ 2.) Plaintiff more or less concedes that StanCorp is not a proper defendant under subsection (a)(1)(B).[5] *See Spinedex Physical Therapy USA Inc. v. United Healthcare of Az., Inc.*, 770 F.3d 1282, 1297 (9th Cir. 2014) (listing the categories of proper defendants under subsection (a)(1)(B)), *cert. denied sub nom. United Healthcare of Az. v. Spinedex Physical Therapy USA, Inc.*, 136 S. Ct. 317 (2015); *Cyr v. Reliance Std. Life Ins. Co.*, 642 F.3d 1202 (9th Cir. 2011) (en banc). Instead, Plaintiff argues that she can seek restitution against StanCorp under subsection (a)(3). According to Plaintiff, StanCorp is liable "[b]ecause that's where the money went. Money which [sic] should have been paid to De Leon and the class members was instead paid to StanCorp," and "equity requires that De Leon 'follow the money.'" (Opp'n 12, 22.) The Court is not persuaded by Plaintiff's tenuous logic.

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). The

---

[4] Although it is true that jurisdictional dismissals are without prejudice and merits dismissals are typically with prejudice, Fed. R. Civ. P. 41(b), that also makes no practical difference here. A jurisdictional dismissal that contains a merits analysis will nevertheless bar future litigation in a different forum based on issue preclusion. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) ("Issue preclusion . . . bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment . . . ." (internal quotation marks omitted)).

[5] To the extent Plaintiff argues otherwise, the argument is insufficiently developed and is therefore waived. *United States v. Kimble*, 107 F.3d 712, 715 (9th Cir. 1997).

complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). And where "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency," the dismissal should be without leave to amend. *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

There are two problems with Plaintiff's theory of restitution against StanCorp. First, Plaintiff does not identify any wrongdoing on the part of StanCorp that warrants disgorging their profits. "[T]he fact that one person benefits another is not, by itself, sufficient to require restitution. The person receiving the benefit is required to make restitution only if the circumstances are such that, as between the two individuals, it is *unjust* for the person to retain it." *McBride v. Boughton*, 123 Cal. App. 4th 379, 389 (2004) (internal quotation marks omitted); *see also Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002) (adopting common law principles of restitution for ERISA purposes). Plaintiff spends much time arguing that common law principles of restitution allow disgorgement of profits, but fails to articulate any reason why it is equitable to do so here.[6] The only connection StanCorp appears to have to this lawsuit is that it is Standard's parent company, but "[i]t is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation . . . is

---

[6] Indeed, Plaintiff concedes that StanCorp is not a plan fiduciary, and that Standard had sole control over benefit claims decisions. (Compl. ¶ 15; Opp'n 22.) While Plaintiff argues extensively that StanCorp is Standard's alter-ego for the purposes of personal jurisdiction, both the Complaint and the Opposition make clear that Plaintiff's theory of *liability* is restitution-based and not an alter-ego-based.

not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998).

Second, Plaintiff's theory of restitution is actually a *legal* remedy, not an equitable remedy, and is thus not cognizable under subsection (a)(3). Section 1132(a)(3) allows a plan participant to, in relevant part, obtain other "appropriate equitable relief" to redress ERISA violations. § 1132(a)(3). However, the term "equitable relief" includes only "those categories of relief that were *typically* available in equity," *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256 (1993), and the Supreme Court has held that restitution is not invariably a form of equitable relief for the purposes of subsection (a)(3). *Knudson*, 534 U.S. at 210–20. Restitution, the Court explained, is a legal remedy when "the plaintiff could *not* assert title or right to possession of particular property, but in which nevertheless he might be able to show just grounds for recovering money to pay for some benefit the defendant had received from him." *Id.* at 213. In contrast, restitution is an equitable remedy when "money or property identified as belonging in good conscience to the plaintiff could clearly be traced to *particular* funds or property in the defendant's possession." *Id.* (emphasis added).

Like in *Knudson*, the basis for Plaintiff's claim "is not that [StanCorp] hold[s] *particular* funds that, in good conscience, belong to [Plaintiff and the class], but that [Plaintiff and the class] are contractually entitled to *some* funds for benefits that they conferred" on StanCorp. *Id.* at 214 (first emphasis added). In other words, Plaintiff's theory is that StanCorp is generally better off as a result of the allegedly improper benefit deductions, not that StanCorp possesses title to a specific *res* containing proceeds derived from improper benefit deductions. Plaintiff therefore seeks a legal remedy, not an equitable remedy. Accordingly, Plaintiff fails to state a claim under subsection (a)(3) against StanCorp.

/ / /

/ / /

# IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** StanCorp's Motion to Dismiss. (ECF No. 21.) Defendant StanCorp Financial Group, Inc. is hereby **DISMISSED** from the action.

**IT IS SO ORDERED.**

January 28, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**