1
2
3
4
5
6
7
8  **UNITED STATES DISTRICT COURT**
9  **CENTRAL DISTRICT OF CALIFORNIA**
10
11
12
13
14
15
16
17
18

| | |
|---|---|
| ANGELA DE LEON, individually and on behalf of herself and all others similarly situated,<br><br>                    Plaintiff,<br><br>        vs.<br><br>STANDARD INSURANCE COMPANY; STANCORP FINANCIAL GROUP, INC.,<br><br>                    Defendants. | Case No. 2:15-cv-07419 ODW (JCx)<br><br>**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

19    Pursuant to the stipulation of plaintiff Angela De Leon ("Plaintiff") and

20 defendant Standard Insurance Company ("Standard"), by and through their counsel

21 of record, with good cause shown, IT IS HEREBY ORDERED as follows:

22    **1.    PURPOSES AND LIMITATIONS**

23    Disclosure and discovery activity in this action are likely to involve production

24 of confidential, proprietary, or private information for which special protection from

25 public disclosure and from use for any purpose other than prosecuting this litigation

26 would be warranted. Accordingly, the parties hereby jointly move the Court to enter

27 the following Protective Order. The parties acknowledge that this Order does not

28 confer blanket protections on all disclosures or responses to discovery and that the

protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Central District Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

**2.   DEFINITIONS**

2.1   <u>Party</u>: any party to this action, including all officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under the applicable procedural rules governing protective orders.

2.4   <u>"Highly Confidential — Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6   <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

147880.1

2.7     <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8     <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential — Attorneys' Eyes Only."

2.9     <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10   <u>House Counsel</u>: attorneys who are employees of a Party.

2.11   <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well as their support staffs).

2.12   <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus any deposition testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material, other than during a court hearing or trial.

147880.1

**4.** **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.** **DESIGNATING PROTECTED MATERIAL**

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routine designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

147880.1

(a) for information in documentary form (apart from transcripts of depositions), that the Producing Party affix the Legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" at the top or bottom of each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY") at the top or bottom of each page that contains protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b) for testimony given in deposition, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition,  all protected testimony, and further specify any portions of the testimony

that qualify as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition is concluded) a right to have up to 20 days after receipt of transcripts from the court reporter to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY").  Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential — Attorneys' Eyes Only."

5.3  <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If

material is appropriately designated as "Confidential" or "Highly Confidential —
Attorneys' Eyes Only" after the material was initially produced, the Receiving Party,
on timely notification of the designation, must make reasonable efforts to assure that
the material is treated in accordance with the provisions of this Order.

## 6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   <u>Timing of Challenges</u>:   Unless a prompt challenge to a
Designating Party's confidentiality designation is necessary to avoid foreseeable
substantial unfairness, unnecessary economic burdens, or a later significant
disruption or delay of the litigation, a Party does not waive its right to challenge a
confidentiality designation by electing not to mount a challenge promptly after the
original designation is disclosed.

6.2   <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a
Designating Party's confidentiality designation must do so in good faith and must
comply with all provisions of Central District Local Rule 37-1.   A challenging Party
may proceed to the next stage of the challenge process under Central District Local
Rule 37-2 only if it has engaged in this meet and confer process under Central
District Local Rule 37-1 first.

6.3   <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a
confidentiality designation after considering the justification offered by the
Designating Party must comply with the provisions of Central District Local Rules
37-2 and 37-3.  The burden of persuasion in any such challenge proceeding shall be
on the Designating Party.  Until the court rules on the challenge, all parties shall
continue to afford the material in question the level of protection to which it is
entitled under the Producing Party's designation.

## 7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   <u>Basic Principles</u>.  A Receiving Party may use Protected Material
that is disclosed or produced by another Party or by a non-party in connection with
this case only for prosecuting, defending, or attempting to settle this litigation.  Such

147880.1

Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be

1  Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony

2  or exhibits to depositions that reveal Protected Material must be separately bound by

3  the court reporter and may not be disclosed to anyone except as permitted under this

4  Stipulated Protective Order.

5          (g) the author of the document or the original source of the

6  information.

7          7.3    Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS'

8  EYES ONLY" Information or Items.  Unless otherwise ordered by the court or

9  permitted in writing by the Designating Party, a Receiving Party may disclose any

10  information or item designated "HIGHLY CONFIDENTIAL — ATTORNEYS'

11  EYES ONLY" only to:

12          (a) the Receiving Party's Outside Counsel of record in this action,

13  as well as employees of said Counsel to whom it is reasonably necessary to disclose

14  the information for this litigation and who have signed the "Agreement to Be Bound

15  by Protective Order" that is attached hereto as Exhibit A;

16          (b) House Counsel of a Receiving Party to whom disclosure is

17  reasonably necessary for this litigation and who has signed the "Agreement to be

18  Bound by Protective Order" (Exhibit A);

19          (c) Experts (as defined in this Order) to whom disclosure is

20  reasonably necessary for this litigation and who have signed the "Agreement to Be

21  Bound by Protective Order" (Exhibit A).

22          (d) the Court and its personnel;

23          (e) court reporters, their staffs, and professional vendors to whom

24  disclosure is reasonably necessary for this litigation and who have signed the

25  "Agreement to Be Bound by Protective Order" (Exhibit A); and

26          (f) the author of the document or the original source of the

27  information.

28

147880.1

**8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax or electronic mail, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.  The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request

Case No. 2:15-cv-07419 ODW (JCx)
CONFIDENTIALITY AGREEMENT AND
PROTECTIVE ORDER

147880.1

1  such person or persons to execute the "Acknowledgment and Agreement to Be
2  Bound" that is attached hereto as Exhibit A.

3  ## 10. **FILING PROTECTED MATERIAL**

4  Documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL
5  — ATTORNEYS' EYES ONLY," and all information contained therein or derived
6  there from, may be discussed or referred to in pleadings, motions, affidavits, briefs
7  and other papers filed with the Court, or attached as exhibits thereto, provided that
8  such "confidential" documents and information, and any portion of any paper filed
9  with the Court that discusses or refers to them, are stamped "confidential" and the
10  filing party has complied with all applicable provisions of Central District Local
11  Rule 79-5.2.2(b).   The parties agree that they will comply with all applicable
12  provisions of Central District Local Rule 79-5 when seeking to file documents under
13  seal, including, but not limited to, the provisions of Central District Local Rule 79-
14  5.2.2, which governs the filing of documents under seal in non-sealed civil cases.

15  ## 11. **FINAL DISPOSITION**

16  Unless otherwise ordered or agreed in writing by the Producing Party, within
17  sixty days after the final termination of this action, each Receiving Party must return
18  all Protected Material to the Producing Party.   As used in this subdivision, "all
19  Protected Material" includes all copies, abstract, compilations, summaries or any
20  other form of reproducing or capturing any of the Protected Material.   With
21  permission in writing from the Designating Party, the Receiving Party may destroy
22  some or all of the Protected Material instead of returning it.  Whether the Protected
23  Material is returned or destroyed, the Receiving Party must submit a written
24  certification to the Producing Party (and, if not the same person or entity, to the
25  Designating Party) by the sixty day deadline that identifies (by category, where
26  appropriate) all the Protected Material that was returned or destroyed and that affirms
27  that the Receiving Party has not retained any copies, abstracts, compilations,
28  summaries or other forms of reproducing or capturing any of the Protected Material.

147880.1

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

## 12.    **MISCELLANEOUS**

12.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

APPROVED AS TO FORM.

Dated: February 8, 2016          ERISA LAW GROUP LLP


                                 By:  _/s/ Robert J. Rosati_____
                                      Robert J. Rosati
                                      Attorneys for Plaintiff
                                      ANGELA DE LEON

Dated: February 8, 2016          MESERVE, MUMPER & HUGHES LLP


                                 By:  _Jason A. James_____
                                      Jason A. James
                                      Attorneys for Defendant
                                      STANDARD INSURANCE
                                      COMPANY


## ECF CERTIFICATION

The filing attorney attests that he has obtained concurrence regarding the filing of this document from the signatories to this document.

12

# **PROTECTIVE ORDER**

Upon consideration of the Confidentiality Agreement submitted by plaintiff Angela De Leon and defendant Standard Insurance Company, and good cause appearing therefore,

IT IS HEREBY ORDERED that the Confidentiality Agreement is approved, and the Protective Order is entered as an Order of the Court.

PURSUANT TO STIPULATION, IT IS SO ORDERED.


Dated:  February 19, 2016                    _____/s/_____

Hon. Jacqueline Chooljian
United States Magistrate Judge

13

147880.1

**EXHIBIT "A"**

I, _____, declare as follows:

1.      My address is _____.

2.      My present employer is _____.

3.      My present occupation or job description is _____.

I received a copy of the Confidentiality Agreement and Protective Order for the matter of *Angela De Leon v. Standard Insurance Company; StanCorp Financial Group, Inc.*, United States District Court - Central District Case No. 2:15-cv-07419 ODW (JCx) ("Protective Order").

4.      I have carefully read this Protective Order and certify that I understand its provisions.

5.      I agree to comply with all the provisions of this Protective Order.

6.      Subject to the terms of the Protective Order, I will hold in confidence, and will not disclose to anyone not qualified under the Protective Order, any information contained in the Protected Material that is disclosed to me in this case.

7.      Subject to the terms of the Protective Order, I will use such information that is disclosed to me only for purposes of this case.

8.      Upon request, I will return and deliver all Protected Material that comes into my possession, and all documents or things that I have prepared relating thereto, to my counsel in this action, or to counsel for the Party by whom I am employed or retained or from whom I received the Protected Material.

9.      I hereby submit to the jurisdiction of this Court for the purpose of enforcing the Protective Order in this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this _____ day of _____, 2016, at _____ [City], _____ [State].

_____

147880.1